(52 Misc. 9)

### SELIGMAN v. SELIGMAN.

(Supreme Court, Special Term, New York County. November, 1906.)

TRIAL—PREFERRED CASES—ACTION FOR SEPARATION.

Code Civ. Proc. § 791, subd. 13 (Laws 1902, p. 943, c. 357), provides that an action for "absolute" divorce in which an order has been made granting temporary alimony shall be entitled to preference in trial. Chapter 15, tit. 1, dealing with matrimonial actions, makes throughout a distinction between an action for a divorce and an action for a separation; the judgment in one case being denominated as one "divorcing the parties and dissolving the marriage" (section 1756), and in the other as one "separating the parties from bed and board" (section 1762). Held, that an action for a separation, though including an order for alimony, is not entitled to a preference under section 791.

Motion by the defendant for a preference under subdivision 13 of section 791 of the Code of Civil Procedure.

Steuer & Hoffman, for the motion.
Meyer Greenberg, opposed.

GIEGERICH, J. The defendant in an action brought for a separation moves for a preference under subdivision 13 of section 791 of the Code of Civil Procedure, which reads as follows:

"(13) An action for absolute divorce in which an order has been made granting temporary alimony."

This subdivision was added by chapter 357, p. 943, of the Laws of 1902 to the section as it had theretofore stood, making a further ground for obtaining a preference. In support of the motion it is argued that the spirit of the statute applies to actions for a separation as well as actions for a divorce, the distinctive feature authorizing a preference being the payment of alimony, and the provision with respect thereto being the same in an action for a separation as in an action for a divorce. An examination of the Code of Civil Procedure satisfies me, however, that this argument is wrong. Chapter 15, tit. 1, of the Code of Civil Procedure, entitled "Matrimonial Actions," makes the following division and classification of such actions:

"(1) Action to annul a void or voidable marriage; (2) action for a divorce; (3) action for a separation."

This distinction between actions for a divorce and actions for a separation is preserved consistently in the language of the entire title; the judgment in the one case, for instance, being denominated a judgment "divorcing the parties and dissolving the marriage" (section 1756), and in the other case it is denominated a judgment "separating the parties from bed and board" (section 1762), thus showing that the ancient distinction between divorces a vinculo and divorces a mensa et thoro was kept in mind, although the ancient language was not preserved in its entirety. The words "separation from bed and board" are the substantial equivalent of the ancient divorce a mensa et thoro, sometimes designated a "limited divorce," in contradistinction from divorce a vinculo, otherwise denominated an "absolute divorce." The fact that the subdivision under consideration employs the word "absolute" shows that this distinction between the two classes of divorce was in the mind of the Legislature, and that the intention was to limit the subdivision to actions for absolute divorce, and not to include actions for a separation.

There are other points urged in opposition to the motion; but, in view of the conclusion above reached, it will not be necessary to consider them.

Motion denied, without costs.